1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

EUGENE HILL,

Petitioner,

v.

AMY MILLER, Warden,

Respondent.

Civil No.    12cv2563-LAB (RBB)

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND  DISMISSING CASE WITHOUT PREJUDICE**

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, accompanied by a certified copy of his prison trust account statement which the Court will construe as a motion to proceed in forma pauperis.  The Petition is subject to dismissal because Petitioner is challenging the conditions of his confinement, alleging that his personal property has been confiscated, rather than the fact or duration of incarceration, and his claims are therefore properly brought in a civil rights action pursuant to 42 U.S.C. § 1983 in a court with proper venue, rather than in a habeas petition filed in this Court.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has no funds on account at the California correctional institution in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

The Petition is subject to dismissal without prejudice because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States, and has therefore failed to state a cognizable federal habeas claim. Petitioner alleges that when he was transferred from the California Correctional Institution at Tehachapi, California, located in the Eastern District of California (see 28 U.S.C. § 84(b)), to Avenal State Prison at Avenal, California, also located in the Eastern District of California (id.), certain items of his personal property which inmates were entitled to possess at the California Correctional Institution were confiscated because they are not allowed at Avenal State Prison. (See Pet. at 6-10.) Petitioner purports to bring causes of action for breach of contract and violation of due process. (Id.)

Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his or her physical imprisonment, and the relief he or she seeks is a determination that he or she is entitled to immediate release or a speedier release, the sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of prison life, including denial of access to personal property, but not to the fact or length of custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

Preiser left open the possibility of assertion of a conditions-of-confinement claim in a habeas application where additional and unconstitutional restraints are at issue. See Preiser, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") The allegations contained in the Petition here regarding possession of personal property are not the type of "additional and unconstitutional restraints" which are distinct from conditions of confinement, and Petitioner's allegations therefore do not state a claim cognizable

1   on federal habeas.  <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971); <u>Tucker v. Carlson</u>, 925

2   F.2d 330, 332 (9th Cir. 1991).

3          Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

4   habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

5   the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.

6   Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas

7   relief because Petitioner has failed to state a claim cognizable on federal habeas.  Petitioner is

8   free to present the claims alleged in the Petition in a separate civil rights complaint pursuant to

9   42 U.S.C. § 1983, if he wishes.  However, such a complaint should be filed, if at all, in a District

10  where proper venue lies, which does not appear to be the Southern District of California.[1]

11                            <u>**CONCLUSION AND ORDER**</u>

12         The Court **GRANTS** Petitioner's Motion to proceed in forma pauperis and **DISMISSES**

13  the Petition without prejudice due to Petitioner's failure to state a claim cognizable on federal

14  habeas.  The dismissal is without leave to amend but without prejudice to Petitioner to present

15  his claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition,

16  in a court of proper venue.

17         The Clerk shall close the case.

18         **IT IS SO ORDERED.**

19

20  DATED:  October 29, 2012

21

22                            HONORABLE LARRY ALAN BURNS
                              United States District Judge

23

24  _____

25      [1]  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may,
    except as otherwise provided by law, be brought only in (1) a judicial district where any defendant
26  resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the
    events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
27  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no
    district in which the action may otherwise be brought."  28 U.S.C. § 1391(b); <u>Costlow v. Weeks</u>, 790
28  F.2d 1486, 1488 (9th Cir. 1986); <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 842 (9th
    Cir. 1986).